### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MYCONE DENTAL SUPPLY COMPANY, INC. | : | |
| | : | |
| Plaintiff, | : | |
| | : | **CIVIL ACTION** |
| vs. | : | |
| | : | |
| GENERIC MANUFACTURING CORPORATION | : | **No. 1:22-CV-05791-RMB-MJS** |
| | : | |
| Defendant. | : | |

### DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

**AND NOW,** comes the Defendant, Generic Manufacturing Corporation, by and through its counsel, van der Veen, Hartshorn & Levin, with this Brief in Opposition to Plaintiff's Motion for Entry of Default Judgment. Defendant relies upon this brief and accompanying declaration in support of its opposition to Plaintiff's Motion for Entry of Default Judgment.

### I.    PROCEDURAL HISTORY

On September 30, 2022, Plaintiff filed a Complaint (ECF No. 1) against Defendant, stating causes of action for breach of contract and conversion. Plaintiff effected service upon Defendant on October 4, 2022 (ECF No. 4). Defendant's response to the Complaint was due on October 25, 2022. When Defendant did not file a response, Plaintiff requested a default on October 26, 2022 (ECF No. 5). The Clerk of Court then entered a default against Defendant on October 27, 2022, which appears on the docket.

Thereafter, once Defendant was aware of the entry of default, Defendant contacted and retained counsel. On November 9, 2022, Counsel for Defendant sent an email to Plaintiff's Counsel indicating that Defendant had retained him, acknowledging that the Clerk had entered a

default, and asking if Plaintiff would agree to the default being vacated so that Defendant could file an Answer to the Complaint. On November 15, 2022, Defendant's Counsel filed a formal Entry of Appearance (ECF No. 6). However, after engaging in discussions with Plaintiff's counsel on several occasions after being retained by Defendant, Plaintiff's Counsel advised that Plaintiff would not agree to vacate the default so as to permit Defendant to file its Answer to the Complaint.

Upon learning from Plaintiff's Counsel that Plaintiff would not agree to vacate the entry of default and permit Defendant to file its Answer to the Complaint, Defendant's Counsel began preparing a Motion to Set Aside the Entry of Default. However, before the Motion to Set Aside the Entry of Default could be completed and filed, Plaintiff filed the within Motion for Entry of Default Judgment (ECF No. 7). Defendant intends to file the aforesaid Motion to Set Aside the Entry of Default contemporaneously with this Brief in order to seek relief from the default and file its Answer to the Complaint.

As a result, Defendant respectfully requests that this Honorable Court deny Plaintiff's Motion for Entry of Default Judgment and afford Defendant leave to file its Answer to the Complaint within twenty (20) days.

## II.    ARUGMENT & FACTS UNDERLYING DEFENDANT'S CLAIMS

Federal Rule of Civil Procedure 55 allows for the entry of default against a party who has failed to plead or otherwise defend, both by the Clerk and by the Court. Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may enter a default judgment against a defendant who does not timely file a responsive pleading.

Pursuant to Federal Rule of Civil Procedure 55(c), the Court may set aside an entry of default for good cause and may set aside a final default judgment under F.R.C.P. 60(b). "While judgments based on default are not favored, the decision of whether to set aside an entry of default under Rule 55(c) is left to the discretion of the district court." Nyholm v. Pryce, 259 F.R.D. 101,

103–04 (D.N.J. 2009), citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194–95 (3d Cir.1984).

"As a threshold issue, it must be pointed out that there is a significant difference between the setting aside of the entry of the default and a setting aside of a default judgment." Matter of Bernstein, 113 B.R. 172, 173 (Bankr. D.N.J. 1990). "The distinction is a real one and affects the procedure for setting the entry aside." Id. "The sole requirement for setting aside an entry of default is that good cause be shown." Id. "While the factors are often treated as being the same…it is clear that the federal courts 'grant relief from a default entry more readily and with a lesser showing than ... in the case of a default judgment.'" Id. "Vacatur of a mere entry of default requires a less substantial showing than vacatur of a default judgment." Tormasi v. Lanigan, 363 F.Supp.3d 525, 532 (D.N.J. 2019).

"[D]oubtful cases [are] to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'" Id., citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir.1951). "In making a decision, the Court 'must consider the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct.'" Nyholm, 259 F.R.D. at 104, citing Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir.1985).

## A. PLAINTIFF WILL NOT SUFFER ANY PREJUDICE IF THE DEFAULT IS SET ASIDE.

In this matter, there is no indication that Plaintiff has suffered or will suffer any prejudice by setting aside the entry of default and permitting Defendant to respond to the Complaint. The Complaint was served on October 4, 2022 and Defendant's response was due on or before October 25, 2022. Default was entered by the Clerk on October 27, 2022. Once retained, Defendant's

Counsel promptly contacted Plaintiff's Counsel to request that the default be vacated so that an Answer could be filed on behalf of Defendant, and entered his appearance on November 15, 2022. Plaintiff thereafter filed its Motion for Entry of Default Judgment on December 1, 2022. This chain of events cannot be said to demonstrate egregious conduct on the part of Defendant intended to cause unreasonable delay or Plaintiff to suffer prejudice in the prosecution of its claims.

In its opposition to the within Motion, Defendant seeks an extension of twenty (20) days from the date of the Court's order on the Motion in which to file an Answer to the Complaint. If granted, only a minimal timeframe of several months will have passed from the original date to respond to the Complaint, as well as the entry of default by the Clerk and the filing of the within Motion. No prejudicial effect on Plaintiff will result from affording Defendant leave to file an Answer as requested. See Nyholm, 259 F.R.D. at 105 (holding that a three-month delay would not have a prejudicial effect on Plaintiff). Thus, this factor weighs in favor of setting aside the entry of the default.

### B.  DEFENDANT HAS MERITORIOUS DEFENSES TO PLAINTIFF'S CLAIMS.

Additionally, although the existence of a meritorious defense is not a prerequisite to set aside the entry of default where no default judgment had been entered, Defendant can establish meritorious defenses to Plaintiff's claims as set forth in the Complaint. See Mike Rosen & Associates, P.C. v. Omega Builders, Ltd., 940 F.Supp.115, 120-21 (E.D. Pa. 1996). As set forth in the Declaration of Lonnie Belts in Opposition to Plaintiff's Motion for Entry of Default Judgment, Defendant alleges that although it began work on the machine, Plaintiff's conduct during the course of the engagement caused delays in the project which impacted Defendant's ability to complete the machine within the agreed-upon timeframes. Additionally, there were unavoidable delays which occurred as a result of the Covid-19 pandemic and other unanticipated issues which

impacted the operation of Generic's business and its ability to complete the machine within the agreed-upon timeframes. Id.

As a result, Defendant would have meritorious defenses to Plaintiff's claims in the Complaint including, *inter alia*, impossibility of performance and/or impracticability of performance. "A successful defense of impossibility (or impracticability) of performance excuses a party from having to perform its contract obligations, where performance has become literally impossible, or at least inordinately more difficult, because of the occurrence of a supervening event that was not within the original contemplation of the contracting parties." JB Pool Mgmt., LLC v. Four Seasons at Smithville Homeowners Ass'n, Inc., 431 N.J.Super. 233, 246, 67 A.3d 702, 709 (N.J. Super. Ct. App. Div. 2013).

Defendant would also have meritorious defenses to Plaintiff's claim of conversion for similar reasons, as Plaintiff would not be able to establish an immediate right to possession of the machine or the existence of wrongful conduct by Defendant which interfered with that right of possession. See Austar Int'l Ltd. v. AustarPharma LLC, 425 F.Supp.3d 336, 358 (D.N.J. 2019)(setting forth the elements required to prove a claim of conversion). Also, as Plaintiff's conversion claim is merely a restatement of its breach of contract claim, and in fact relies upon the parties' contract, it would be barred by the economic loss doctrine. See Heyman v. Citimortgage, Inc., 14-1680-KM-MAH, 2019 WL 2642655, at *30 (D.N.J. June 27, 2019). The tort of conversion has been historically applied to chattels, and courts have restricted its application to money to avoid turning a claim based on breach of contract into a tort claim. Chi. Title Ins. Co. v. Ellis, 409 N.J. Super. 444, 455; 978 A.2d 281, 287 (N.J. Super. Ct. App. Div. 2009).

Also, Plaintiff has only set forth mere allegations of breach of contract, conversion and resulting damages which have not been subject to discovery or any review on the merits to date.

Defendant should not be deprived of the ability to be heard on the merits as a result of a default, which is disfavored under the law. Thus, this factor weighs in favor of setting aside the entry of the default.

### C. THE ENTRY OF DEFAULT WAS NOT THE RESULT OF CULPABLE CONDUCT ON THE PART OF DEFENDANT.

Further, the entry of the default was not the result of any culpable contact on the part of Defendant. As set forth in the Declaration of Lonnie Belts in Opposition to Plaintiff's Motion for Entry of Default Judgment, Defendant experienced setbacks in its business due to the Covid-19 pandemic, in the form of a loss of business and a loss of its office staff/employees, which continued into 2022. As a result, Mr. Belts was left to run the business largely on his own and without assistance from staff, employees and/or other parties, which impacted Defendant's ability to operate the business and respond to matters in a timely fashion, including this matter. Defendant was only able to hire an employee to serve as office staff in or about the third week of October 2022. Defendant was also forced to relocate its facility during this time, which was a time-consuming endeavor that further impacted the operation of Defendant's business and its ability to respond to matters in a timely fashion, including this matter. Further, Mr. Belts experienced personal and family hardships during this time, namely medical issues related to his wife and two-year-old grandson, which detracted from his duties in running the business and further impacted the ability of Defendant to operate the business and respond to matters in a timely fashion, including this matter.

In light of the above, Defendant was unable to review the matter and seek to retain counsel until after service was effectuated and the default had already been entered by the Clerk upon the request of Plaintiff. As a result, Defendant did not engage in any culpable conduct which resulted in the entry of the default. Instead, the entry of the default resulted from the unfortunate realities

of Defendant's business operations and outside factors which impacted the same during the timeframe at issue. Thus, this factor weighs in favor of setting aside the entry of the default. See also Nyholm, 259 F.R.D. at 106 (vacating the entry of default where it was entered not due to culpable conduct, but as a "consequence of the practicalities of the functioning of a complex corporation, nationwide in scope, which as a matter of business necessity must function in matters of litigation through litigation managers and outside defense counsel.")

### D. GOOD CAUSE TO SET ASIDE THE DEFAULT CAN OTHERWISE BE ESTABLISHED IN THIS MATTER.

Finally, good cause to set aside the default can be established by the good faith efforts of Defendant, through their counsel, to vacate the default by agreement so that an answer to the Complaint could be filed on behalf of Defendant. In Matter of Bernstein, 113 B.R. 172, 174 (Bankr. D.N.J. 1990), the court relied upon the good faith efforts of counsel to obtain an extension of time in which to answer the complaint, holding that "[t]his fact in itself would constitute good cause for the setting aside of the entry of default under Fed.R.Civ.P. 55(c)." As set forth hereinabove, after being retained by Defendant, Defendant's Counsel contacted Plaintiff's Counsel and sought their agreement to vacate the default so that an Answer could be filed on behalf of Defendant. However, after engaging in discussions with Plaintiff's Counsel, Defendant's Counsel was ultimately advised that Plaintiff would not agree to vacate the default. Thus, this factor weighs in favor of setting aside the entry of the default.

### III. CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this Honorable Court deny Plaintiff's Motion for Entry of Default Judgment and afford Defendant leave to file an Answer to Plaintiff's Complaint within twenty (20) days of the date of the Court's Order on the motion.

**VAN DER VEEN, HARTSHORN & LEVIN**

*/s/ Daniel J. Devlin*
Daniel J. Devlin, Esquire
1219 Spruce Street
Philadelphia, PA 19107
(215) 546-1000
(215) 546-8529 (fax)
ddevlin@mtvlaw.com
Attorney for Defendant

Date: 1/3/23